IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ALICIA McDANIEL FORD, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:19cv146-MHT |
| | ) | (WO) |
| PIKE ELECTRIC, LLC, | ) | |
| | ) | |
|     Defendant. | ) | |

ORDER

Defendant Pike Electric, LLC, has moved to strike certain affidavits filed by plaintiff Alicia McDaniel Ford as exhibits to her response to Pike Electric's motion for summary judgment. The court views this motion as a motion for exclusion of evidence pursuant to Federal Rule of Civil Procedure 37. For the reasons set forth below, this motion will be denied, but the court will issue an alternative sanction for some of the conduct that is the subject of the motion.

Over a month after the discovery deadline, Ford served Pike Electric with supplemental initial disclosures containing the names and contact

information of three witnesses with information about the accident at issue in the case, along with affidavits from each witness. Pike Electric complains that Ford did not disclose these witnesses in a timely fashion, as required by Rule 26 of the Federal Rules of Civil Procedure. *See* Motion to Strike (Doc. 26).

Rule 26(a) requires parties to disclose, among other things, the name and contact information of people likely to have discoverable information, and Rule 26(e) requires parties to supplement these initial disclosures "in a timely manner if the party learns that in some material respect the disclosure ... is incomplete or incorrect." Fed. R. Civ. P. 26(a)(1)(A), (e)(1)(A). A failure to timely and properly disclose potential witnesses under Rule 26 may result in the exclusion of the witnesses, a requirement that the delinquent party pay reasonable expenses caused by the violation, or "other appropriate sanctions," unless the non-disclosure "was substantially justified or is

harmless." Fed. R. Civ. P. 37(c)(1).

Per the court's uniform scheduling order, as amended, the discovery deadline was December 16, 2020. *See* Order (Doc. 22) at 2.  Pike Electric filed a motion for summary judgment on December 30, 2020.  *See* Motion for Summary Judgment (Doc. 23).  Two of the three affidavits challenged by Pike Electric were executed on January 11, 2021, and the third was executed on January 13.  *See* Affidavits (Doc. 26-1) at 7, 12, 17.  Ford served supplemental initial disclosures with the names and contact information of the witnesses and their affidavits to Pike Electric on January 21.  *See* Pl.'s Amended Rule 26 Initial Disclosures (Doc. 26-1) at 3.

The disclosure of these witnesses more than a month after the discovery deadline makes them untimely under Rule 26.  *Cf. Hassebrock v. Bernhoft*, 815 F.3d 334, 339-41 (7th Cir. 2016) (disclosure of expert witness and filing of expert report several weeks after discovery deadline was untimely).  As such, the court

3

may issue sanctions appropriate under Rule 37 unless the untimeliness was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  The party offering the untimely evidence bears the burden of showing that the delay was substantially justified or harmless.  *See Knight ex rel. Kerr v. Miami-Dade County*, 856 F.3d 795, 812 (11th Cir. 2017).

"Substantially justified means that reasonable people could differ as to the appropriateness of the contested action."  *Id.* (quoting *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997)). The parties dispute whether the lateness of Ford's disclosures was substantially justified.  Ford argues as to one of the contested affiants, Kenneth Lowery, that she was unaware that Lowery had information relevant to the case "until shortly before she amended her disclosures."  Pl.'s Response to Motion to Strike (Doc. 29) at 4.  But Pike Electric suggests that this does not justify the late filing because "no reasonable

4

person would believe" that Ford only learned recently of Lowery's knowledge. Def.'s Reply in Supp. Motion to Strike (Doc. 30) at 5. In the absence of any evidence to support this argument, Pike Electric's bald assertion that the court should not credit Ford's position is insufficient to undermine her explanation of the reason for the delay. As such, the court finds that the late disclosure of Kenneth Lowery was substantially justified. Accordingly, Ford is permitted to use the Lowery's testimony, and no other sanction will be imposed.*

As to the other two witnesses, Yina Ford and Shanita Parker, plaintiff Ford says that her disclosures were either timely or justified because these witnesses were identified in prior deposition notices, with the untimeliness arising because their scheduled depositions were canceled due to health

---

\* However, should it become apparent at trial that the excuse given for not disclosing Lowery's testimony earlier is untrue, Pike Electric may renew its moton for sanctions as to Lowery.

5

concerns.  *See* Pl.'s Response to Motion to Strike (Doc. 29) at 7; *see also* Aff. of Erik Heninger (Doc. 29-3) at 3.  The depositions were originally scheduled for December 3 and were never rescheduled.  Thus, Pike Electric should not be entirely surprised that these individuals are now named as witnesses.

Still, there is no indication in the record that Ford provided Pike Electric with these witnesses contact information or any summary of their testimony until after the discovery period had closed and Pike Electric had filed its motion for summary judgment.  Ford's counsel has provided no explanation for why he waited so long to do so.  *See* Heninger Aff. (Doc. 29-3) at 2-3.  This explanation therefore does not persuade the court that the untimely notice regarding Yina Ford and Shanita Parker was substantially justified.  Nor has Ford presented any argument as to why the late disclosures of Parker and Yina Ford were harmless.  Because she bears the burden of proving harmlessness,

6

this by itself is sufficient for the court to find that the late notices were not harmless under Rule 37.

Rule 37 empowers district courts to impose "appropriate sanctions" for a harmful and unjustified violation of the disclosure requirements of Rule 26. Fed. R. Civ. P. 37(c)(1)(C).  The court does not find that the untimely disclosures of Yina Ford and Shanita Parker were made in bad faith, in part because both witnesses had been disclosed in previous deposition notices.  As such, and given the minimal harm caused by the late notices, the court does not believe that excluding these affidavits would be an appropriate sanction in this case.  Instead, in addition to allowing Pike Electric to depose the affiants if the company requests to do so, the court will order as sanction that any costs of expediting such depositions or the deposition transcripts will be taxed to counsel for plaintiff Ford.

* * *

Accordingly, it is ORDERED as follows:

(1) Defendant Pike Electric, LLC's motion to strike (Doc. 26) is denied.

(2) Defendant Pike Electric, LLC will be permitted to depose Yina Ford and Shanita Parker.

(3) As sanction for the violations of Rule 26 involved in the untimely disclosures of Yina Ford and Shanita Parker, counsel for plaintiff Alicia Ford will pay any costs of expediting the depositions of these witnesses or the transcripts thereof.

DONE, this the 12th day of March, 2021.

                                /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE