IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
ALICIA McDANIEL FORD,      )
                           )
     Plaintiff,            )
                           )     CIVIL ACTION NO.
     v.                    )       2:19cv146-MHT
                           )           (WO)
PIKE ELECTRIC, LLC,        )
                           )
     Defendant.            )
```

OPINION AND ORDER

This is a state-law tort action arising from a motorcycle crash suffered by plaintiff Alicia Ford at an intersection where defendant Pike Electric, LLC, was conducting repair work on a utility pole.  Ford claims that the company's employees negligently or wantonly left gravel in the road, leading to her crash.  She seeks compensatory and punitive damages for her injuries resulting from the crash.  The court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity).

This suit is now before the court on Pike Electric's motion for summary judgment.  "A party may move for summary judgment, identifying each claim or

defense--or the part of each claim or defense--on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  To determine whether a genuine factual dispute exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party.  *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *Id.*

The crux of the dispute in this case is factual. Pike Electric argues that it did not leave gravel in the road, and it supplies deposition testimony of an employee and other witnesses to support its position. *See, e.g.*, Motion for Summary Judgment (Doc. 23) at 4,

2

8.  Ford counters that Pike Electric did leave gravel in the road, and she supplies witness affidavits and deposition testimony supporting her allegation.  *See, e.g.*, Response to Motion for Summary Judgment (Doc. 25) at 2-4.  Both sides point to photographs of the intersection, and they dispute which of the photographs accurately depict the exact location of the accident.  *See* Motion for Summary Judgment (Doc. 23) at 6-8; Response to Motion for Summary Judgment (Doc. 25) at 3-4, 11.

In other words, there exists a genuine dispute as to an issue of material fact.  Indeed, it appears the central dispute in this case is one of material fact: whether Pike Electric left gravel in the road at the place where Ford's crash occurred.  Pike Electric's position in its motion for summary judgment amounts to an argument that the court should set aside or not credit Ford's evidence on that issue.  But a reasonable trier of fact evaluating the totality of the evidence

could find for either party. Summary judgment is therefore inappropriate, and Pike Electric's motion will be denied.

* * *

Accordingly, it is ORDERED that defendant Pike Electric, LLC's motion for summary judgment (Doc. 23) is denied.

DONE, this the 31st day of March, 2021.

                                              /s/ Myron H. Thompson
                                      UNITED STATES DISTRICT JUDGE