IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
ALICIA McDANIEL FORD,        )
                             )
     Plaintiff,              )
                             )        CIVIL ACTION NO.
     v.                      )          2:19cv146-MHT
                             )              (WO)
PIKE ELECTRIC, LLC,          )
                             )
     Defendant.              )
```

OPINION AND ORDER

Before the court is defendant Pike Electric, LLC's motion for reconsideration of the court's opinion and order denying the company's motion for summary judgment. *See Ford v. Pike Electric, LLC*, No. 2:19-cv-146-MHT, 2021 WL 1227853 (M.D. Ala. Mar. 31, 2021) (Thompson, J.).  Pike Electric moves the court under Rule 59(e) of the Federal Rules of Civil Procedure to amend the court's order and grant summary judgment on plaintiff Alicia Ford's wantonness claim. For the reasons below, the motion will be denied.

The decision whether to alter or amend a judgment is "committed to the sound discretion of the district

court." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). Parties aggrieved by a district court's judgment may seek alteration of it by moving for reconsideration, but "[t]here is a significant difference between pointing out errors in a court's decision on grounds that have already been urged before the court and raising altogether new arguments on a motion to amend," as the latter would afford litigants "two bites at the apple." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985). The only appropriate bases for granting a Rule 59(e) motion are "newly-discovered evidence or manifest errors of law or fact," and such a motion "cannot be used to 'raise argument[s] or present evidence that could have been raised prior to the entry of judgment.'" *Hamilton v. Sec'y, Fla. Dep't of Corrs.*, 793 F.3d 1261, 1266-67 (11th Cir. 2015) (per curiam) (alteration in original) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)).

Pike Electric's argument on the wantonness issue in its motion for summary judgment consisted of one case citation and a single sentence of analysis: "There is no evidence that gravel was even in the roadway let alone that Pike Electric knew this condition existed and consciously disregarded the condition."  Motion for Summary Judgment (Doc. 23) at 25-26.  For the reasons given in the court's opinion denying summary judgment, the first half of that sentence is inaccurate: Ford offers witness affidavits, deposition testimony, and photographs to support her position that there was gravel in the road at the site of her motorcycle crash and that Pike Electric had left it there.  *See Ford*, 2021 WL 1227853, at *1.  The second half is inaccurate too.   If Ford's witnesses are believed, sufficient gravel was strewn across the road for a long enough period of time for a jury to infer that Pike Electric was on notice of the gravel's existence.  *See, e.g.*, Aff. of Kenneth Lowery, Jr. (Doc. 25-10) at ¶¶ 4-8;

3

Aff. of Yina Ford (Doc. 25-11) at ¶¶ 4-5; Aff. of Shanita Parker (Doc. 25-12) at ¶ 5.

To the extent that Pike Electric now seeks in its Rule 59(e) motion to make a more substantial argument for dismissal of the wantonness claim, it has foregone its opportunity to raise such an argument by declining to press it in the motion for summary judgment.  But even considering the arguments made in the motion for reconsideration, the company has failed to demonstrate that summary judgment is appropriate on the wantonness claim.

As in the motion for summary judgment, Pike Electric misstates and misconstrues key aspects of the evidence Ford presents.  It twice declares that Ford's "only evidence" supporting wantonness is witness affidavits stating they saw Pike Electric "generally leaving gravel in the roadway."  Motion for Reconsideration (Doc. 36) at ¶¶ 2, 5.  This seriously understates the substance of the affidavits, which

**4**

allege that Pike Electric had left "large amounts of loose gravel in the road" at the time of Ford's crash, Aff. of Yina Ford (Doc. 25-11) at ¶ 5, that the gravel "had been left in the road for quite some time," Aff. of Kenneth Lowery, Jr. (Doc. 25-10) at ¶ 5--"at least a week prior to the accident," Aff. of Shanita Parker (Doc. 25-12) at ¶ 5--that Pike Electric's workers left gravel in the road "every day," Aff. of Yina Ford (Doc. 25-11) at ¶ 7, and that the workers never cleaned up the gravel or put up any kind of warning about it, *see id.* at ¶ 8; Aff. of Kenneth Lowery, Jr. (Doc. 25-10) at ¶ 8; Aff. of Shanita Parker (Doc. 25-12) at ¶ 7.

These witness statements distinguish this suit from *Williams v. Wal-Mart Stores, Inc.*, 584 F. Supp. 2d 1316 (M.D. Ala. 2008) (Thompson, J.), the case on which Pike Electric principally relies in its motion for reconsideration. In *Williams*, this court granted summary judgment on a slip-and-fall wantonness claim because the plaintiff's own evidence affirmatively

5

suggested that the puddle she slipped in had not existed for very long, defeating her contention of constructive notice, and because she did not present "any evidence that Wal-Mart was responsible for the water on the floor."  *Id.* at 1319-20.  Because the plaintiff had not established that an issue of material fact existed as to whether Wal-Mart had notice of the water, she "[a]lmost by definition" could not establish that a factual issue existed as to whether Wal-Mart had acted in "reckless or conscious disregard of the rights or safety of others," as a wantonness claim requires. *Id.* at 1321 (quoting Ala. Code § 6-11-20(b)(3)).

Here, a genuine dispute of fact exists as to whether Pike Electric had notice of the gravel that Ford's witnesses say the company's workers left in the road.  Pike Electric's position to the contrary again amounts to an argument that the court should believe its evidence and disbelieve Ford's witness affidavits. *See* Motion for Reconsideration (Doc. 36) at ¶¶ 8-9.

6

But the company has yet to come up with a convincing reason for the court to discard these witness statements out of hand, though it is now on its third attempt to do so. *See* Motion for Summary Judgment (Doc. 23); Motion to Strike (Doc. 26). Reasonable jurors could find Ford's witnesses credible, find that Pike Electric was on notice of the gravel Ford alleges the company left in the roadway, and find in Ford's favor if they did. It is the responsibility of whatever jury may be empaneled in this case to evaluate the credibility of Ford's witnesses, and this court will not preempt that authority. And lest Pike Electric set off now in search of another procedural vehicle by which again to ask this court to find Ford's witnesses not credible instead of leaving that determination to the jury, the court reminds the company's counsel of their obligation under Rule 11 of the Federal Rules of Civil Procedure to avoid frivolous filings. *See* Fed. R. Civ. P. 11(b)(2).

7

\* \* \*

Accordingly, it is ORDERED that defendant Pike Electric, LLC's motion for reconsideration (Doc. 36) is denied.

DONE, this the 20th day of April, 2021.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE
